---

In re GILL.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. PROCEEDING TO OBTAIN OFFICIAL PAPERS—QUESTION OF FACT—DETERMINATION.

Code Civ. Proc. § 2471a, provides that, if the demand of any public officer for the books and papers pertaining to the office is refused, he may make complaint to any justice of the Supreme Court of the district, or to the county judge, and, if such justice or judge shall be satisfied that such books or papers are withheld, he shall grant an order directing the person refusing to deliver them to show cause why he should not do so, and proceed to inquire into the circumstances. Defendant, in a proceeding to obtain the possession of certain books, denied upon oath that he had possession of the same, and alleged that another person had them. *Held*, that the court should have taken evidence upon this issue of fact and determined it, and it was error to render judgment without doing so.

Appeal from Special Term, Nassau County.

Application by Harry F. Gill, as secretary of the board of health of the village of Sea Cliff, against Frederick H. Maidment, for books and papers belonging to the office of secretary. From an order directing defendant to deliver the books, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

George B. Stoddart, for appellant.
Joseph Kling, for respondent.

WILLARD BARTLETT, J. This is a proceeding to compel delivery of books and papers belonging and appertaining to a public office, under section 2471a of the Code of Civil Procedure. It involves the question whether, under the public health law (Laws 1893, p. 1501, c. 661, § 20), a village board of trustees, after having at its first meeting constituted a board of health consisting of five members, can at a subsequent meeting increase the number of members of the board of health to seven. The learned justice before whom

the application was heard answered this question in the negative, and granted the motion on the assumption that only questions of law were presented.

This assumption, however, appears to have been incorrect. It was averred in the petition that all the books and papers pertaining to the office of secretary of the board of health of the village of Sea Cliff were in the possession of Frederick H. Maidment, the appellant. Upon this petition an order to show cause was granted, as prescribed in section 2471a of the Code, and upon the return of that order Mr. Maidment filed his own affidavit, alleging that the secretary of the board of health was one William E. Fellendorf, and that "the books and papers mentioned in the petition are in the custody and control of said Fellendorf as the secretary of said board of health, and are not in the possession of or under control of deponent." This affidavit raised a distinct issue of fact as to the actual custody and control of the books the delivery of which was sought by the petitioner. Section 2471a of the Code provides that at the time of the return of the order to show cause, or at any time to which the matter may be adjourned, on proof of the due service of the order a justice or judge to whom the application is made "shall proceed to inquire into the circumstances." I think this means that, when an issue of fact is raised by the affidavit interposed in opposition to the application, it is the duty of the court to take evidence relative to that issue and to decide it one way or the other. To "inquire into the circumstances" imports a judicial investigation of the questions of fact. There might be cases, of course, where such an issue could be determined upon the petition and affidavits in opposition without recourse to oral evidence, as, for example, where the allegation as to the custody and control of the books and papers in the petition was positive, and the denial in the opposing affidavits was shifty or evasive. But when, as here, the denial is positive, and accompanied by a sworn averment that a person other than the appellant has the actual custody and control of the books and papers which are sought, I do not see how the matter can be decided without taking further proof. The petition and opposing affidavit are analogous to a complaint and answer in an action where the answer sets up a good defense, and judgment cannot be rendered in favor of the plaintiff without the introduction of evidence tending to sustain his claim.

I think the order appealed from should be reversed, and that the proceeding should be remitted to the learned judge who heard the same, in order that he may proceed to inquire into the circumstances, under the provisions of section 2471a of the Code of Civil Procedure.

Order reversed, with $10 costs and disbursements, and proceeding remitted for rehearing as directed in the opinion. All concur.